Filed 1/3/24  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C098665 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR0447) |
| v. | |
| BRANDON ROBERT JOHNSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandon Robert Johnson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

After their one-year romantic relationship ended in October 2021, defendant broke into his ex-girlfriend's home and installed tracking devices on her vehicle.  The ex-girlfriend obtained a protective order in her favor in February 2022.  Despite the order, defendant continued to text and call her.

In March 2022, the ex-girlfriend and a male friend were talking in her bedroom when defendant suddenly appeared in the doorway.  After threatening to kill them both, defendant choked the ex-girlfriend and held her down.  Defendant attempted to use a Taser

1

on the male friend and then attacked him with a knife, cutting him on the forehead. While the two struggled, the ex-girlfriend called the police. The male friend eventually subdued defendant and forced him out of the house. Defendant retrieved a crowbar from his truck, but the male friend grabbed it from him.

Defendant tried to flee from responding deputies, but they eventually caught and arrested him. Responding deputies searched defendant's truck and found, inter alia, zip ties configured like handcuffs, handcuffs, a wig, nearly $2,000 in cash, a night vision monocular, and a knife. Cleaning staff at the guest house where defendant was staying found more zip ties attached to the bed and to an ottoman at the foot of the bed. The ex-girlfriend later found multiple bottles of cleaning supplies stashed in her garage.

Defendant was charged with attempted kidnapping to commit rape (Pen. Code,[1] §§ 664/209, subd. (b)(1); count 1), first degree burglary (§ 459; count 2), stalking (§ 646.9, subd. (a); count 3), two counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 4-5), two counts of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4); counts 6-7), criminal threats (§ 422, subd. (a); count 8), resisting arrest (§ 69; count 9), misdemeanor violation of a domestic relationship court order (§ 273.6, subd. (a); count 10), and misdemeanor possession of burglar's tools (§ 466; count 11). As to count 7, it was alleged that defendant personally used a deadly and dangerous weapon. (§ 12022, subd. (b)(1).) Multiple aggravating factors were alleged. (Cal. Rules of Court, rule 4.421(a)(1), (a)(2), (a)(3), (a)(6), (a)(8), (a)(11) & (b)(1).)

In January 2023, defendant pleaded no contest to counts 1 and 4 and admitted the aggravating circumstances. The parties agreed defendant would be sentenced to prison for an aggregate term of 10 years, as follows: the upper term of nine years for count 1 and one year consecutive (one-third the midterm) for count 4. The trial court imposed the agreed-upon sentence in March 2023. The court also imposed a $300 restitution fine (§ 1202.4,

---

[1] Undesignated statutory references are to the Penal Code.

2

subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), an $80 court operations fee (§ 1465.8, subd. (a)(1)), and a $60 criminal conviction assessment fee (Gov. Code, § 70373).

The trial court denied defendant's request for a certificate of probable cause on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/_____
Wiseman, J.[*]

We concur:


/s/_____
Hull, Acting P. J.


/s/_____
Renner, J.

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.